PAGET *et al. v.* PEASE *et al.*

(*Supreme Court, Special Term, New York County.* October, 1888.)

WRITS—SERVICE BY PUBLICATION—DEATH OF A PLAINTIFF—TRUSTS—ACTION BY TRUS-
TEE.
On the death of the trustee of a married woman, pending the publication of the summons in an action in which they are joined as plaintiffs, the action is suspended until his successor is appointed, when the publication must be commenced *de novo*, and a motion or order to suppress the publication is unnecessary.

At chambers.

O'BRIEN, J. This is a motion to suppress the order of publication on the ground that, by the death of Alfred Paget, one of the plaintiffs, the proceeding has abated. The action is one in equity to set aside certain judgments and agreements, and for other relief. The plaintiff Mary Fiske Paget is a daughter of the late Paran Stevens, and one of the residuary legatees under his will. A co-plaintiff, Alfred Henry Paget, was the sole surviving trustee under an antenuptial settlement executed by Mrs. Paget, and was vested with the legal title to all of Mrs. Paget's interest. An order of publication was obtained, and on July 28th publication was begun, and would have been completed on the 8th day of September. On the 24th of August the plaintiff, Alfred H. Paget, died.

Code Civil Proc. § 755, provides that, where a cause of action survives, the action shall not abate by any event. It is evident, therefore, that the cause of action survives, and that Mary Fiske Paget, the *cestui que trust*, has the right to have a new trustee appointed, and to prosecute the action in his name jointly with her as before, or to make him defendant. The distinction, however, must be made in construing the sections of the Code between the abatement of an action and an abatement as to a party to the suit. Section 755 in the Code refers to the former, and the remaining sections (757, 758, and 759) refer to abatement as to a party. And while these sections provide for cases where one of several plaintiffs dies, and the cause of action survives in favor of the others, and 757 has to do only with the death of a sole party, and 759 to a case where a part of the action survives to the remaining party, I am of opinion that none of these sections provide for a case like the present; and, in the absence of such a provision in the Code, if necessary, resort should be had to the practice of the court of chancery in like cases. It is clear that the court has no jurisdiction of a defendant until the summons has been served, either personally or in the alternative methods sanctioned by the Code. The summons is not served by publication until six full weeks have expired from the first day of publication. This is not a case where the right of action, as in the cases of joint tenancy, survives in favor of the remaining plaintiff, but it is necessary for a complete determination of the rights of the parties that a new trustee should be brought in. The present, therefore, seems to me to be analogous to a case where the summons had been delivered to a sheriff for service, and, before the personal service thereof, one of the co-plaintiffs died in an action where his rights did not survive in favor of the remaining co-plaintiff. It is evident in the case mentioned that service by the sheriff, after such death, would be futile. For, even though it were held that the action might still survive, or be pending, the death before service would abate it as to him, and the interest that he represented, so that it would have to be begun over again. I do not see, therefore, in this case, how any motion was necessary. The action survives, and the practical effect of the death of the trustee would be to suspend the action until his successor should be appointed, when the publication would have to be commenced *de novo*. While, therefore, the action survives, it can be said that there is an abatement as to one of the parties plaintiff who died. I therefore regard it as clear that, until his successor is appointed, the action is suspended; and when appointed will require, in order to give the court jurisdiction, a publication anew of the summons. I do not see, therefore, that any motion or order is necessary, as it would be simply declaratory of what the law itself provides.